# Supreme Court of Florida

_____

No. SC2025-0216

_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.131.**

September 25, 2025

PER CURIAM.

The Criminal Procedure Rules Committee filed a report proposing amendments to Florida Rule of Criminal Procedure 3.131 (Pretrial Release).[1]  This report was filed in response to recent changes to sections 903.011 and 903.047, Florida Statutes (2022). *See* ch. 2023-27, §§ 1, 2, Laws of Fla.

After considering the report, the comments received, and the response to the comments, we hereby amend rule 3.131 as revised by the Committee in its response to the comments.

New subdivision (b) (Pretrial Release Before First Appearance) states that a person may be released before first appearance based

---

    1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

on the bond schedule in section 903.011(5), unless they meet criteria articulated in section 903.011(6). New subdivision (c)(1)(C) provides a list of nonmonetary conditions of release derived verbatim from section 903.047(1)(c)(1)-(10). Additional language is added to subdivision (c)(2) that is in accordance with section 903.011(5)(f). In subdivision (c)(3), "may consider" is changed to "must consider" to align with section 903.047(1)(c), which requires courts to consider section 903.046(2), Florida Statues, when determining whether to impose nonmonetary conditions. Subdivision (c)(4), which pertains to release of a person charged with a dangerous crime, is deleted because the subject matter has been added to rule 3.132(f)(1). Additionally, new subdivision (e)(3) regarding reconsideration of the monetary component of a defendant's bail is added based on section 903.011(4). Finally, changes are made throughout the rules to conform with *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Fla. Oct. 24, 2022).

The Court hereby amends the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by

struck-through type. The amendments to the rule shall become effective January 1, 2026, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Katelyn Knaak Johnston, Chair, Criminal Procedure Rules Committee, Jacksonville, Florida, Hon. Laura E. Ward, Past Chair, Criminal Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Stewart G. Stone, Sanford, Florida; Stacy Scott, Public Defender, Eighth Judicial Circuit of Florida, Gainesville, Florida, Jessica J. Yeary, Public Defender, Second Judicial Circuit of Florida, Tallahassee, Florida, and Megan Long, Assistant Public Defender, Second Judicial Circuit of Florida, Tallahassee, Florida, on behalf of Florida Public Defender Association, Inc., Tallahassee, Florida; and Douglas A. Wyler of Jacobs Scholz & Wyler, LLC, Fernandina Beach, Florida, on behalf of Florida Prosecuting Attorneys Association, Inc., Tallahassee, Florida,

Responding with comments

**APPENDIX**

## RULE 3.131.   PRETRIAL RELEASE

(a)     **Right to Pretrial Release.** Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance ~~shall be~~is entitled to pretrial release on reasonable conditions. As a condition of pretrial release, whether such release is by surety bail bond or recognizance bond or in some other form, the defendant ~~shall~~must refrain from any contact of any type with the victim, except through pretrial discovery ~~pursuant to~~under the Florida Rules of Criminal Procedure and ~~shall~~must comply with all conditions of pretrial release as ordered by the court. ~~Upon~~On motion by the defendant when bail is set, or ~~up~~on later motion properly noticed ~~pursuant to~~under law, the court may modify the condition precluding victim contact if good cause is shown and the interests of justice so require. The victim ~~shall be~~is permitted to be heard at any proceeding in which such modification is considered, and the state attorney ~~shall~~must notify the victim of the provisions of this subdivision and of the pendency of any such proceeding. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

(b)     **Pretrial Release Before First Appearance.**

(1)     A person may be released on bail before his or her first appearance or bail determination hearing under a local bond schedule established by the chief judge of the circuit or by the uniform bond schedule adopted by the Supreme Court in accordance with subsection 903.011(5), Florida Statutes, if no local bond schedule has been established, or as ordered by the issuing judge on an arrest warrant, if applicable.

(2)     A person may not be released on bail before his or her first appearance or bail determination hearing if the person

meets the criteria set forth in subsection 903.011(6), Florida Statutes.

**(b)(c)  Hearing at First Appearance—Conditions of Release.**

(1)    Unless the state has filed a motion for pretrial detention ~~pursuant to~~under rule 3.132, the court ~~shall~~must conduct a hearing to determine pretrial release. For the purpose of this rule, bail is defined as any of the forms of release stated below. Except as otherwise provided by this rule, there is a presumption in favor of release on nonmonetary conditions for any person who is granted pretrial release. The judicial officer ~~shall~~must impose the first of the following conditions of release that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process; or, if no single condition gives that assurance, ~~shall~~must impose any combination of the following conditions:

(A) – (B)    [No Change]

(C)    release on nonmonetary conditions, which may, if appropriate, include being required to:

(i)    maintain employment, or, if unemployed, actively seek employment;

(ii)    maintain or commence an educational program;

(iii)    abide by specified restrictions on personal associations, place of residence, or travel;

(iv)    report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

(v)    comply with a specified curfew;

(vi)    refrain from possessing a firearm, destructive device, or other dangerous weapon;

(vii)   refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance without a prescription from a licensed medical practitioner;

(viii)  undergo available medical, psychological, psychiatric, mental health, or substance abuse evaluation and follow all recommendations, including treatment for drug or alcohol dependency, and remain in a specified institution, if required for that purpose;

(ix)   return to custody for specified hours following release for employment, school, or other limited purposes; or

(x)    any other condition that is reasonably necessary to assure the appearance of the defendant at subsequent proceedings and to protect the community against unreasonable danger of harm; or

(C)   placement of restrictions on the travel, association, or place of abode of the defendant during the period of release;

(D)   placement of the defendant in the custody of a designated person or organization agreeing to supervise the defendant;

(ED) execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; provided, however, that any criminal defendant who is required to meet monetary bail or bail with any monetary component may satisfy the bail by providing an appearance bond.; or

(F)   any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.

(2)   The judge shallmust, at the defendant's first appearance, consider all available relevant factors to determine what form of release is necessary to assure the defendant's

appearance. If a monetary bail is required, the judge ~~shall~~<u>must</u> determine the amount. <u>A judge conducting a first appearance hearing or bail determination is not bound by a bond schedule authorized by subsection 903.011(5), Florida Statutes.</u> Any judge setting or granting monetary bond ~~shall~~<u>must</u> set a separate and specific bail amount for each ~~charge or offense~~<u>crime charged</u>. When bail is posted each ~~charge or offense~~<u>crime charged</u> requires a separate bond.

(3)  In determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court ~~may~~<u>must</u> consider the nature and circumstances of the offense charged and the penalty provided by law; the weight of the evidence against the defendant; the defendant's family ties, length of residence in the community, employment history, financial resources, need for substance abuse evaluation and/or treatment, and mental condition; the defendant's past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings; the nature and probability of danger that the defendant's release poses to the community; the source of funds used to post bail; whether the defendant is already on release pending resolution of another criminal proceeding or is on probation, community control, parole, or other release pending completion of sentence; and any other facts the court considers relevant.

(4)  ~~No person charged with a dangerous crime, as defined in section 907.041(4)(a), Florida Statutes, shall be released on nonmonetary conditions under the supervision of a pretrial release service, unless the service certifies to the court that it has investigated or otherwise verified the conditions set forth in section 907.041(3)(b), Florida.~~

(~~5~~<u>4</u>)  All information provided by a defendant in connection with any application for or attempt to secure bail, to any court, court personnel, or individual soliciting or recording such information for the purpose of evaluating eligibility for or securing bail for the defendant, under circumstances such that the defendant knew or should have known that the information was to

be used in connection with an application for bail, ~~shall~~must be accurate, truthful, and complete, without omissions, to the best knowledge of the defendant. Failure to comply with the provisions of this subdivision may result in the revocation or modification of bail. However, no defendant ~~shall~~may be compelled to provide information regarding his or her criminal record.

(~~6~~5)  Information stated in, or offered in connection with, any order entered ~~pursuant to~~under this rule need not strictly conform to the rules of evidence.

**~~(c)~~(d)  Consequences of Failure to Appear.**

(1)    Any defendant who willfully and knowingly fails to appear and breaches a bond as specified in section 903.26, Florida Statutes, and who voluntarily appears or surrenders ~~shall not be~~is not eligible for a recognizance bond.

(2)    Any defendant who willfully and knowingly fails to appear and breaches a bond as specified in section 903.26, Florida Statutes, and who is arrested at any time following forfeiture ~~shall not be~~is not eligible for a recognizance bond or any form of bond that does not require a monetary undertaking or commitment equal to or greater than $2,000 or twice the value of the monetary commitment or undertaking of the original bond, whichever is greater.

**~~(d)~~(e)  Subsequent Application for Setting or Modification of Bail.**

(1)    When a judicial officer not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or sought to be modified, application by motion may be made to the court having jurisdiction to try the defendant or, in the absence of the judge of the trial court, to the circuit court. The motion ~~shall~~must be determined promptly. No judge of a court of equal or inferior jurisdiction may remove a condition of bail or reduce the amount of bond required, unless the judge:

(A) – (D)    [No Change]

(2)    [No Change]

(3) On motion by the defendant, or on the court's own motion, a court may reconsider the monetary component of the defendant's bail if he or she is unable to post a monetary bond.

(3~~4~~) If any trial court fixes bail and refuses its reduction before trial, the defendant may institute habeas corpus proceedings seeking reduction of bail. If application is made to the supreme court or district court of appeal, notice and a copy of such application ~~shall~~must be given to the attorney general and the state attorney. Such proceedings ~~shall~~must be determined promptly.

**~~(e)~~(f)  Bail Before Conviction; Condition of Undertaking.**

(1)    If a person is admitted to bail for appearance for a preliminary hearing or on a charge that a judge is empowered to try, the condition of the undertaking ~~shall~~must be that the person will appear for the hearing or to answer the charge and will submit to the orders and process of the judge trying the same and will not depart without leave.

(2)    If a person is admitted to bail after being held to answer by a judge or after an indictment or information on which the person is to be tried has been filed, the condition of the undertaking ~~shall~~must be that the person will appear to answer the charges before the court in which he or she may be prosecuted and submit to the orders and process of the court and will not depart without leave.

**~~(f)~~(g)  Revocation of Pretrial Release.**

(1)    Any judge presiding at a first appearance hearing may revoke a defendant's pretrial release status ~~pursuant to~~under ~~s.~~section 903.0471, Florida Statutes, on a case not assigned to the first appearance judge but that is pending in the same judicial circuit as the first appearance hearing.

(2)　[No Change]

**(g)(h)　Arrest and Commitment by Court.** The court in which the cause is pending may direct the arrest and commitment of the defendant who is at large on bail when:

(1) – (3)　[No Change]

The order for the commitment of the defendant ~~shall~~must recite generally the facts on which it is based and ~~shall~~must direct that the defendant be arrested by any official authorized to make arrests and that the defendant be committed to the official in whose custody he or she would be if he or she had not been given bail, to be detained by such official until legally discharged. The defendant ~~shall~~must be arrested ~~pursuant to~~under such order on a certified copy thereof, in any county, in the same manner as on a warrant of arrest. If the order provided for is made because of the failure of the defendant to appear for judgment, the defendant ~~shall~~must be committed. If the order is made for any other cause, the court may determine the conditions of release, if any.

**(h)(i)　Bail after Recommitment.** If the defendant applies to be admitted to bail after recommitment, the court that recommitted the defendant or the court under subdivision ~~(d)~~(e)(1) ~~shall~~must determine conditions of release, if any, subject to the limitations of subdivision ~~(b)~~(c).

**(i)(j)　Qualifications of Surety after Order of Recommitment.** If the defendant offers bail after recommitment, each surety ~~shall~~must possess the qualifications and sufficiency and the bail ~~shall~~must be furnished in all respects in the manner prescribed for admission to bail before recommitment.

**(j)(k)　Issuance of Capias; Bail Specified.** On the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge ~~shall~~must issue or ~~shall~~ direct the clerk to issue, either immediately or when so directed by the prosecuting attorney, a capias for the arrest of the person. If the person named in the indictment or information is a child and the

child has been served with a promise to appear under the Florida Rules of Juvenile Procedure, capias need not be issued. ~~Upon~~On the filing of the indictment or information, the judge ~~shall~~must endorse the amount of bail, if any, and may authorize the setting or modification of bail by the judge presiding over the defendant's first appearance hearing. This endorsement ~~shall~~must be made on the capias and signed by the judge.

**~~(k)~~(*l*)  Summons on Misdemeanor Charge.** When a complaint is filed charging the commission of a misdemeanor only and the judge deems that process should issue as a result, or when an indictment or information on which the defendant is to be tried charging the commission of a misdemeanor only, and the person named in it is not in custody or at large on bail for the offense charged, the judge ~~shall~~must direct the clerk to issue a summons instead of a capias unless the judge has reasonable ground to believe that the person will not appear in response to a summons, in which event an arrest warrant or a capias ~~shall~~must be issued with the amount of bail endorsed on it. The summons ~~shall~~must state substantially the nature of the offense, the title of the hearing to be conducted, and ~~shall~~must command the person against whom the complaint was made to appear before the judge issuing the summons or the judge having jurisdiction of the offense at a time and place stated in it.

**~~(*l*)~~(m)  Summons When Defendant Is Corporation.** On the filing of an indictment or information or complaint charging a corporation with the commission of a crime, whether felony or misdemeanor, the judge ~~shall~~must direct the clerk to issue or ~~shall~~must issue a summons to secure its appearance to answer the charge. If, after being summoned, the corporation does not appear, a plea of not guilty ~~shall~~must be entered and trial and judgment ~~shall~~must follow without further process.

### Committee Notes
[No Change]

### Court Comment
[No Change]